# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 5:08CR00038 |
| v. ) | **OPINION** |
| ) | |
| **LUZ RODRIGUEZ,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Janine M. Myatt, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Jeffrey M. Brandt, Covington, Kentucky, for Defendant.*

Defendant Luz Rodriguez, through counsel, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011), in which it is claimed that her original defense attorney failed to note an appeal of her conviction. Based on the facts shown at an evidentiary hearing on this claim, I must deny Rodriguez's § 2255 motion.

I

A grand jury of this court returned a Superseding Indictment on May 19, 2009, charging that Luz Rodriguez conspired to distribute 500 grams or more of methamphetamine (Count One); possessed with intent to distribute 50 grams or more of the drug (Count Two); and possessed a firearm in furtherance of a drug

trafficking crime (Count Three). Rodriguez pleaded not guilty and proceeded to trial. On May 14, 2009, a jury found Rodriguez guilty as to Counts One and Two, and acquitted her as to Count Three. I sentenced Rodriguez on August 17, 2009, to concurrent prison terms of 132 months on Count One and 60 months on Count Two. No appeal followed.

In August 2010, Rodriguez filed the present § 2255 motion, asserting that trial counsel, Gene Hart, had provided ineffective assistance by: (1) failing to file a notice of appeal after Rodriguez asked him to do so; (2) failing to move for a judgment of acquittal on the ground of insufficient evidence; and (3) failing to move for suppression of certain evidence. The government conceded the need to hold a hearing regarding her claim that counsel failed to note an appeal (Claim (1)), but moved to dismiss Claims (2) and (3). At the evidentiary hearing, Rodriguez confirmed, through counsel, that she no longer wished to pursue Claims (2) and (3). Accordingly, I will summarily dismiss these claims. For the following reasons, I will also deny relief as to Claim (1), as I do not find that Rodriguez has met her burden of persuasion.

II

"In order to establish a Sixth Amendment violation based on counsel's failure to appeal, [the defendant] must prove that (1) counsel was ineffective and

-2-

(2) but for counsel's ineffectiveness, an appeal would have been filed." *United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000). It is well established that "an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007).

> When a client does not specifically instruct counsel to appeal, however, whether counsel has been ineffective by failing to appeal depends upon whether counsel in fact consulted with the defendant about an appeal. In this context, "consult" conveys a specific meaning—advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.

*Witherspoon*, 231 F.3d at 926 (internal quotation marks and citations omitted). If counsel consulted sufficiently with the defendant on appeal issues, counsel was not ineffective.[1] *Id.* The defendant bears the burden of proving by a preponderance of

---

[1] If the court finds that counsel did not consult with the defendant on appeal issues, the court proceeds to ask the question, was it deficient performance not to consult? *Witherspoon*, 231 F.3d at 926.

> The Sixth Amendment requires counsel to consult with the defendant concerning whether to appeal when counsel has reason to believe either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id.* (quotation marks and citation omitted). Because I find that Hart satisfactorily consulted with Rodriguez about appeal issues, I find no deficient performance without discussion of whether the circumstances imposed a duty to consult in this case.

-3-

the evidence her grounds for relief under § 2255. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Rodriguez and her older son, Luis, testified at the evidentiary hearing. The government called as its sole witness Rodriguez's trial attorney, Hart. It was argued on Rodriguez's behalf that: (a) Hart had not respected her stated intent to pursue an appeal and (b) Hart had failed to ensure that Rodriguez understood the advantages and disadvantages of appealing her conviction. I find that the evidence offered does not support either assertion.

I find that Rodriguez told Hart after sentencing that she wanted to appeal. Rodriguez testified to this fact, Luis confirmed that Rodriguez told her children a few days after trial that she wanted to appeal the convictions, and Hart admitted that Rodriguez initially expressed her desire to appeal. I also find credible that Rodriguez wanted to appeal her convictions, even at the risk of receiving more time, because of her steadfast belief that she did not commit the conduct for which she had been convicted.

I do not find, however, that Rodriguez gave Hart "unequivocal instruction to file a notice of appeal." The evidence establishes that Hart could not have handled any appeal for Rodriguez, because he is not admitted to practice in the court of appeals. Hart testified credibly that he advised Rodriguez he could not represent her on appeal and why an appeal was not in her best interests. Hart also testified

-4-

that he volunteered to ask the clerk to note an appeal on Rodriguez's behalf, if she wished him to do so; but that Rodriguez did not accept this offer and decided not to appeal her convictions.

Rodriguez offered no evidence to dispute Hart's testimony of his discussions with Rodriguez about appealing her convictions. Specifically, Rodriguez presented no testimony or other evidence that she gave Hart unequivocal instruction to note an appeal after Hart spoke with Rodriguez and her family about why she should not appeal. Rodriguez offered no explanation how she expected Hart to handle any appeal since he was not admitted to practice in the Fourth Circuit.

I advised Rodriguez at the close of the sentencing hearing that the clerk could prepare and file the notice of appeal for her. Yet, she claimed no memory of this procedure. This missing detail from Rodriguez's story is particularly glaring, given Hart's credible testimony that he would help a client pursue an appeal only by asking the clerk on the client's behalf to prepare the notice. For these reasons, I cannot find that Rodriguez expressly asked Hart to file a notice of appeal on her behalf.

I also find that Hart adequately consulted with Rodriguez about the advantages and disadvantages of an appeal. I find credible Hart's testimony that he discussed appeal issues with Rodriguez on at least two occasions, although he

-5-

Case 5:08-cr-00038-JPJ   Document 121   Filed 02/21/12   Page 5 of 7   Pageid#: 619

did not remember the exact sequence of the discussions. Hart described his normal practice of discussing first a client's appeal rights and general appeal issues. He also testified specifically that he recommended against an appeal in Rodriguez's case, because the sentence was already below the guideline range, and prosecutors had expressed their intention to pursue a cross-appeal of the non-guideline sentence as unreasonable in the event that Rodriguez appealed. Most importantly, I find credible Hart's testimony that he explained to Rodriguez and her family his estimation that the government's chances of success on appeal of the sentence were "dramatically" better than Rodriguez's chances of success on her appeal of the convictions.

Rodriguez admitted that Hart explained his recommendation against appeal, but claimed that she did not understand the reasons he thought she would get more time if she appealed. Hart offered credible testimony, however, that from his interactions with her, he believed without doubt that Rodriguez and her family well understood his assessment of the slim chance for success on appeal and the risk of a higher sentence after appeal. Moreover, Rodriguez did not describe any instance when she communicated to Hart her purported lack of understanding of appeal advantages and disadvantages.

For these reasons, I conclude that Rodriguez has not proved by a preponderance of the evidence that she asked Hart to file a notice of appeal or that

-6-

Case 5:08-cr-00038-JPJ   Document 121   Filed 02/21/12   Page 6 of 7   Pageid#: 620

Hart failed to consult adequately with her about appeal. Therefore, I find no ineffective assistance as asserted in Claim (1) of Rodriguez's § 2255 motion and will deny relief on this claim. I will summarily dismiss Claims (2) and (3), based on Rodriguez's expressed decision not to pursue these claims.

A separate Final Order will be entered herewith.

DATED: February 21, 2012

/s/ James P. Jones
United States District Judge