# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 5:08-CR-00038-2 |
| v. | ) **OPINION AND ORDER** |
| LUZ RODRIGUEZ, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Luz Rodriguez, Pro Se Defendant.*

The defendant, Luz Rodriguez, proceeding pro se, has filed a motion for a judicial recommendation that she be placed in a halfway house for twelve months preceding her release from prison. For the following reasons, the motion will be denied.

The defendant was found guilty by a jury of conspiracy to distribute 500 grams or more of methamphetamine (Count One) and aiding and abetting in the distribution of 50 grams or more of methamphetamine (Count Two). (Jury Verdict, ECF No. 70.) Subsequently the defendant was sentenced to a term of imprisonment of 132 months. This term consisted of 132 months on Count One and 60 months on Count Two, all to be served concurrently. (J. 2, ECF No. 90.) She currently has served 87 months of her term of incarceration.

While I commend the defendant for her efforts to become a productive citizen upon her release from incarceration, this court is without authority to grant the defendant's motion. A district court's authority to amend a defendant's sentence is limited. A district court "may not modify a term of imprisonment once it has been imposed" unless the Bureau of Prisons ("BOP") moves for a reduction, the Sentencing Commission amends the applicable guideline range, or Rule 35 of the Federal Rules of Criminal Procedure or another statute expressly permits the court to do so. 18 U.S.C. § 3582(c); *see also United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). None of these circumstances are present in the instant case.

Further, I decline to recommend that the BOP amend the manner in which the defendant serves her sentence. The BOP has exclusive statutory authority over a prisoner's place of imprisonment. 18 U.S.C. § 3621(b); *see also United States v. Swisher*, No. 3:11-CR-67, 2013 U.S. Dist. LEXIS 40190, at *1 (N.D.W.Va. Mar. 22, 2013). While the Second Chance Act expands the BOP's authority to place prisoners in a halfway house, it does not vest that authority in this court. 18 U.S.C. § 3624(c)(1); *see also United States v. Squire*, No. 3:09-502-JFA, 2012 WL 3848364, at *1 (D.S.C. Sept. 5, 2012). The BOP has sole discretion in deciding whether to place a prisoner in a halfway house, and if so, for how long. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (4th Cir. 2005) (holding that

the BOP must analyze the five factors in § 3621(b) and "that the BOP may assign a prisoner to a [halfway house] does not mean that it must").

Accordingly, it is hereby **ORDERED** that the defendant's motion (ECF No. 141) is DENIED.

ENTER: September 1, 2016

/s/ James P. Jones
United States District Judge

-3-

Case 5:08-cr-00038-JPJ   Document 142   Filed 09/01/16   Page 3 of 3   Pageid#: 739